# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Juanishia Lee,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:15-cv-01802 (APM)** |
| | ) | |
| **District of Columbia,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

In this matter brought under the Individuals with Disabilities Act ("IDEA"), the Hearing Officer determined that Defendant District of Columbia denied Plaintiff Juanishia Lee's son, J.K., a Free Appropriate Public Education ("FAPE") for the 2014-2015 school year. Admin. R., Part I, ECF No. 9, Ex. 1, ECF No. 9-1 [hereinafter ECF No. 9-1], at 18–21. [1] The Hearing Officer, however, declined to award J.K. any compensatory education because Plaintiff "did not offer any evidence at the due process hearing of 'the type and quantum of compensatory education' needed to place [J.K.] 'in the same position he would have occupied but for the [ ] violations of the IDEA.'" *Id.* at 24–25.

After briefing cross-motions for summary judgment, the parties now agree that this matter should be remanded to the Hearing Officer to fashion an appropriate award of compensatory education. *See* Compl., ECF No. 1, at 7 (seeking as a remedy a remand to award compensatory education); Pl.'s Mot. for Summ. J., ECF No. 11, Mem. in Supp., ECF No. 11-1, at 1–2; Def.'s Cross-Mot. for Summ. J., ECF No. 13, at 8–9 (not objecting to a remand). Despite this fundamental agreement, the parties nevertheless differ on how the Hearing Officer should

---

[1] All page citations are to the original pagination of the Administrative Record.

proceed on remand. Plaintiff emphasizes that the "burden to craft an appropriate compensatory education award falls on the hearing officer," Pl.'s Reply, ECF No. 14, at 4, while Defendant insists that Plaintiff must come forward with "sufficient evidence to support an award of compensatory education," which she previously failed to do, Def.'s Reply, ECF No. 16.

The court finds the parties' disagreement perplexing, when case law provides clear markers for how to proceed on remand. The objective of an award of compensatory education is "to put a student . . . in the position he would be in absent the FAPE denial." *B.D. v. District of Columbia*, 817 F.3d 792, 798 (D.C. Cir. 2016). Compensating for such past violations requires a hearing officer to "rely on individualized assessments" after a "fact-specific" inquiry. *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 524 (D.C. Cir. 2005).

This focus on the student's individualized needs means that a hearing officer cannot deny a compensatory education award simply because she is left wanting for more evidence. "Once a plaintiff has established that she is entitled to an award, simply refusing to grant one clashes with *Reid*, which sought to eliminate 'cookie-cutter' awards in favor of a 'qualitative focus on individual needs' of disabled students." *Stanton ex rel. K.T. v. District of Columbia*, 680 F. Supp. 2d 201, 207 (D.D.C. 2010) (quoting *Reid*, 401 F.3d at 524, 527). "Choosing instead to award plaintiff *nothing* does not represent the 'qualitative focus' on [the student's] 'individual needs' that *Reid* requires." *Id.* (applying *Reid*, 401 F.3d 516). In short, a hearing officer "cannot simply 'reject[ ] any award of compensatory education services[.]'" *Id.* (quoting *Brown v. District of Columbia*, 568 F. Supp. 2d 44, 54 (D.D.C. 2008)).

A hearing officer who finds that she needs more information to make the required individualized assessment has at least two options. She can provide the parties additional time to

supplement the record. *See id.*[2] Or, as the Court of Appeals emphasized in *B.D.*, she can order additional assessments as needed. *See* 817 F.3d at 800 (stating that "the district court or Hearing Officer should not hesitate to order" further assessments as needed). At bottom, the hearing officer must ascertain what information she needs to make the individualized assessment required under *Reid* and *B.D.*, and she possesses "broad discretion" under the IDEA's remedial provisions to obtain such information and to craft appropriate relief. *See Reid*, 401 F. 3d at 523.

Accordingly, this matter is remanded to the Office of Dispute Resolution in the District of Columbia's Office of the State Superintendent of Education for further proceedings consistent with this Memorandum Opinion. A separate Order accompanies this Memorandum Opinion.

Dated: January 3, 2017

Amit P. Mehta
United States District

---

[2] In this case, the Hearing Officer concluded that the relevant regulations precluded him from reopening the hearing to take additional evidence. ECF No. 9-1, at 25. The Hearing Officer instead denied the compensatory award "without prejudice to the parent's right to institute a new proceeding to seek compensatory education." *Id.* Plaintiff has not challenged that determination. Nor is it clear on this record why Plaintiff did not take up the Hearing Officer's invitation to file a new proceeding instead of filing an action in federal court.